# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 194 | **DATE** | 3/10/2011 |
| **CASE TITLE** | Huynh vs. Riviera, et al. | | |

**DOCKET ENTRY TEXT**

In a separate minute order entered today, the Court addresses (and denies) all pending motions filed by Plaintiff, which will lead to the entry (on a separate document) of a Rule 58 judgment in this matter. The Court also notes that within the past two weeks, Plaintiff has transmitted a number of e-mail communications to the Court, the Court's law clerks and staff, counsel for the parties, and a number of other individuals addressing various aspects of the case. The Court will not address the e-mail communications in detail, but because Plaintiff is *pro se* in this case, the Court addresses a few points raised by Plaintiff by way of explanation for Plaintiff's benefit. For details, see below.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

First, one of Plaintiff's e-mails (dated March 2, 2011) indicates that at one time Plaintiff intended to file a "Motion to Vacate," which the Court assumes was to be directed at the Court's order dismissing Plaintiff's lawsuit. As of the date of this order, a week later, there is no indication on the docket that any "Motion to Vacate" ever has been filed.

Second, in another e-mail (dated March 8, 2011) Plaintiff complained of "several illegal activities" that she alleges have been "conducted" by the Court in this case and in another case (No. 09-cv-2007) before Judge Kennelly. In that e-mail, Plaintiff raises questions about two documents (numbers 72 and 73 on the docket sheet), which she claims never to have received a copy of. Document 72 is a one-page motion to dismiss that was filed by *pro se* Defendant Hieu. The Court previously explained in detail the origins of that document and why it was belatedly entered on the docket [see 70, at 14 n.6], and will not repeat or belabor the explanation in this minute order. Suffice to say that the document was sent to the Court, but apparently never filed in the Clerk's Office or served on Plaintiff by the filer. The only plausible explanation is a lack of familiarity on Hieu's part with proper court procedures – a problem that many *pro se* litigants face, and which the Court endeavors to ameliorate by giving all *pro se* litigants some slack, as the Court has done in regard to some of Plaintiff's own motions and other filings in this case. In addition, and more to the point of Plaintiff's March 8 e-mail, if Plaintiff did not receive a copy of document 72, it was not through any shortcoming in the Clerk's Office, but rather the result of an oversight on the part of Defendant Hieu, who appears not to have understood that in addition to submitting his pleading to the Judge's chambers, it was his

| STATEMENT |
|---|

responsibility to file and serve it. **[FN1]**. And in regard to docket entry 73, Plaintiff's contention that she never received a copy is a mystery, because the docket entry itself indicates that the Clerk's Office "mailed notice" to all parties of record, which would include Plaintiff.

Third, in multiple e-mails Plaintiff has taken the Court and its staff to task for striking the hearing dates for presentment of her recent motions [74, 77] without notifying her by telephone of the Court's actions. The Court will address that criticism in two parts. First, in regard to striking the hearing dates: the Court routinely reviews all motions filed a day or two before the hearing date, as its schedule permits, to determine whether the parties need to appear to present (and respond to) the motion. When the Court determines that an appearance will not serve any useful purpose, it routinely strikes the hearing date to save the parties the trouble of traveling to the courthouse. In this case, because there are two *pro se* parties and numerous other parties represented by nearly a dozen attorneys of record, the cumulative waste of time, effort, and resources to unnecessarily appear in court is especially acute. Following its initial review of the motions in question [74, 77], the court determined that no appearances would be necessary or even useful. As to the former, no party other than Plaintiff had any interest in the issue of whether she is entitled to a refund of her filing fee. As to the latter, the Court could not see any purpose in haling all of the attorneys into court (on a motion accusing all of them of corrupt, unethical, and/or criminal conduct) when the sole question was whether to order briefing on the motion or to decide it without briefing. Second, in regard to telephone notice: it is *not* the Court's general practice to telephone the parties with notice of rulings. The general practice, as stated on Judge Dow's web page, is as follows: "To the extent possible, the Court will endeavor to rule on motions in advance of the date on which the motion is to be presented. After 4:00 p.m. on the day before the motion is to be presented, the parties may check to determine whether a ruling has been issued. If so, an appearance will not be necessary. Counsel also may call the Courtroom Deputy, Theresa Kinney (312-435-5668) to inquire on the status of the motion. If an appearance is not necessary, counsel for the moving party should notify counsel for the responding party or parties." If the Courtroom Deputy telephoned all parties in all cases as to all motion dispositions, she would do nothing else but make telephone calls, which is not a realistic option given the daily press of court business. In some circumstances, when time permits, the Courtroom Deputy will make courtesy calls to litigants – most frequently when there is a last-minute ruling (say, the morning of the hearing date) or at the outset of a case in which a litigant is *pro se* and/or not an e-filer. There certainly is no requirement that parties be given notice by telephone, nor is that even a frequent occurrence.

> **[FN1]** As explained in the Court's January 31 opinion, Defendant Hieu's failure to file and serve his pleading had no effect on the proper disposition of Plaintiff's claims against him for two reasons: (1) the fact that he did timely submit a responsive pleading meant that an order of default was not warranted, (2) the pleading itself was a single page, almost devoid of substance, in which he simply denied any involvement in the "corruption" alleged by Plaintiff, and (3) the Court's conclusion that Plaintiff did not state any valid claim against Hieu meant that dismissal of her claim (and ultimately her complaint) was proper in any event.

*[signature]*