# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 194 | **DATE** | 3/10/2011 |
| **CASE TITLE** | Huynh vs. Riviera, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for a refund of the $350 filing fee [74] and Plaintiff's motion to sanction [77] are denied. In addition, because Plaintiff has not filed an amended complaint within the 30 day period granted by the Court following the entry of the Court's memorandum opinion and order granting Defendants' motions to dismiss [see 70, at 19 n.8], the Court dismisses Plaintiff's complaint with prejudice and will enter on a separate document a Rule 58 final judgment in this matter, thereby terminating the case in the district court.

■[ For further details see text below.]            Docketing to mail notices.

## STATEMENT

**I. Motion for refund**

Following the entry on January 31, 2011 of the Court's memorandum opinion and order [69] dismissing *pro se* Plaintiff's amended complaint, Plaintiff filed a motion [74] seeking the refund of the $350 filing fee that she paid at the outset of this litigation [see 4]. Attached to the motion are numerous documents, including copies of (1) correspondence that Plaintiff has sent to various elected officials complaining of corruption in state and local politics, (2) letters that are up to a decade old relating to Plaintiff's termination from employment as a teacher in the Chicago public schools, and (3) tax records relating to Plaintiff and various former county officials. What these documents have to do with Plaintiff's motion for a refund is not readily apparent. Somewhat more to the point, Plaintiff observes that she is "the only paying party in this case" and notes that the Court previously issued an order [24] denying Plaintiff's motion for leave to proceed *in forma pauperis*.

In the Court's May 19, 2010 minute order denying Plaintiff's IFP motion, the Court observed that based on the representations in Plaintiff's financial affidavit concerning her assets – and specifically the substantial amount of equity in her home – she did not qualify as an indigent person entitled to proceed without paying the filing fee. In that same order, the Court denied Plaintiff's request for a refund of her filing fee. In the motion now before the Court, Plaintiff again requests the refund of her filing fee.

Plaintiff's motion must be respectfully denied. "The administrative costs associated with filing a complaint accrue when a plaintiff's complaint is processed and assigned a case number. A plaintiff whose case is dismissed, whether at the outset or at some later stage, is not entitled to a refund of the filing fees." *Faust v. Wisconsin Dep't of Corrections*, 2003 WL 23120101, at *1 (W.D. Wis. Oct. 22, 2003). As the Seventh Circuit has explained, "[t]here is no refund of a filing fee just because an appellant, petitioner, or other seeker

| STATEMENT |
|---|

of judicial review is dissatisfied with the outcome of his quest, whether that outcome is defeat on the merits or a refusal for jurisdictional or other reasons, even to consider the merits." *Bell v. Clark*, 194 F.3d 781, 782 (7th Cir. 1999). There is no reason that the principle articulated in *Bell* should not apply equally to filing fees in the district court. See also *Waller v. Randle*, 2010 WL 3398984, at *1 (S.D. Ill. Aug. 26, 2010) (denying motion for reconsideration of denial of motion for leave to proceed *in forma pauperis* even though the moving party's financial situation "drastically changed" between the initial ruling and the consideration of the motion for reconsideration and explaining that a refund claim "encounters the barrier of sovereign immunity" because the "funds have become the property of the United States" after they are deposited by the Clerk of the Court).

## II. Motion to sanction

Plaintiff also has filed a motion [77] requesting that the Court sanction most, if not all, of the attorneys who have represented the various Defendants in this litigation. Citing Federal Rule of Civil Procedure 11 and the Illinois Rules of Professional Conduct, Plaintiff contends that all of the lawyers have acted corruptly and unethically in their representations of their clients in this matter. The upshot of Plaintiff's allegations is that the lawyers "mov[ed] this Court to fatally dangerous act: they persuaded the Court to *conspire and corrupt* with them to dismiss this Case." [77, at 6 (italics in original)]. Plaintiff goes so far as to suggest that the lawyers engaged in obstruction of justice, to analogize the "court hearings" to "crime scenes," and to describe the Court's January 31, 2011 opinion [70] as an "unscrupulous order." Plaintiff requests that the Court impose specific monetary sanctions and CLE obligations in the area of legal ethics on each lawyer.

Plaintiff's motion to sanction [77] is denied as frivolous. Plaintiff seems to take issue with the fact that the lawyers filed pleadings seeking to defend their clients against what Plaintiff charges was "illegal, unlawful, uncivilized, and unethical conduct" by the clients, who range from the Chief Judge of the Circuit Court of Cook County, to the current and former Cook County States Attorneys, to a number of city and county police officers. With all due respect to Plaintiff, the filing of those pleadings was not sanctionable. The lawyers were doing their jobs in raising defenses – including "technical" defenses such as immunity doctrines. As the Court explained, Defendants' arguments were well founded under the law, and thus the motions to dismiss were granted. At the same time, the Court dismissed certain claims without prejudice, attempted to set forth in some detail the reasoning for its rulings, and offered Plaintiff an opportunity to file another amended complaint within 30 days if she so desired – an option which Plaintiff has declined.

Plaintiff also suggests that by filing their motions, "one after another," the lawyers acted as "bullies" and "used intimidating tactics." [77, at 3]. These allegations also are unfounded on the record of this case. While the Court certainly appreciates the difficulty of litigating *pro se* against a number of lawyers, it was Plaintiff who dictated the number of Defendants by including them all in her complaints. Each of those Defendants had a right to retain counsel, and counsel had an obligation to represent their clients' interests, including by filing motions to dismiss Plaintiff's complaint. Throughout the litigation, the Court offered Plaintiff extended briefing schedules in recognition of the number of Defendants and granted every motion for extension of time that Plaintiff requested. The Court also gave a generous reading to the allegations of the complaints, as was appropriate given her *pro se* status, and overlooked occasional non-compliance with court rules concerning, for example, the 3-day notice period for motions [see 44].

The bottom line is that if Plaintiff is disappointed with the Court's rulings and believes that they are legally erroneous, she may appeal them. That is her right. What she may not do, however, is (1) obtain a refund of her filing fee or (2) pursue a baseless motion for sanctions against her litigation adversaries.

| STATEMENT |
|---|

**III.  Final judgment**

The Court also notes that Plaintiff has declined to file an amended complaint within the 30 day period set forth in the Court's January 31, 2011 memorandum opinion and order granting Defendants' motions to dismiss. That period lapsed on March 2, 2011. Accordingly, the Court will enter on a separate document (see Fed. R. Civ. P. 58) a final judgment dismissing Plaintiff's complaint with prejudice. Plaintiff is advised that if she wishes to appeal any aspect of that judgment, she must file a notice of appeal within 30 days of the date indicated on the separate document entering judgment under Rule 58. See Fed. R. App. P. 4(a)(1)(A) ("In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered").

*[signature]*