# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 194 | **DATE** | 5/6/2011 |
| **CASE TITLE** | Huynh vs. Riviera | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to reconsider [87] is denied and the notice of motion date of 5/11/2011 is stricken with no appearances being necessary on that date.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

The Court dismissed this lawsuit on January 31, 2011 and allowed Plaintiff 30 days in which to file an amended complaint ([70] at 19). Plaintiff declined to file an amended complaint; instead, Plaintiff filed a "motion to sanction," [77] which accused the Court and the attorneys opposing her of fraud and corruption and asked the Court to sanction her opponents. On March 10, 2011, the Court denied that motion and entered judgment dismissing the case with prejudice [80; 82]. On March 28, 2011, Plaintiff moved to vacate the Court's January 31, 2011 order, which was in essence a motion for reconsideration [83]. In that motion, Plaintiff raised no arguments regarding why the Court's dismissal of her lawsuit was incorrect, and again accused the Court and the attorneys opposing her of fraud and corruption. The Court denied the motion to vacate [85].

Plaintiff has filed yet another motion, this one styled a "motion to reconsider [the denial of] her motion to vacate" [87]. Motions for reconsideration serve a limited function to correct manifest errors of law or fact or to present newly discovered evidence or an intervening change of law. *Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir.* 1998). Rule 60(b) allows a court to reconsider a final judgment on the grounds of mistake, inadvertence, surprise or excusable neglect; newly discovered evidence, fraud, void judgments, judgments satisfied, or "any other reason justifying relief." Fed. R. Civ. P. 60(b). Under this rule, relief is "an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chicago, 230 F.3d 319, 327 (7th Cir.* 2000). Reconsideration is appropriate only when the facts or law on which the decision was based have changed or "the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made a an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir.* 1990). A motion for reconsideration should not be used as an opportunity for parties to rehash old arguments or raise new arguments that could have previously been offered. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir.* 1996).

## STATEMENT

Here, Plaintiff does not even cite the applicable legal standard, much less attempt to meet it. Instead, like her previous filings, Plaintiff's most recent motion only casts aspersions on the Court, asking it to "reclaim its honor" and correct its "unethical" conduct. In fact, many of the documents attached to the motion have nothing to do with the claims asserted in this case. Instead, they reference, among other things, three prior cases in this jurisdiction that Plaintiff brought in 2001, 2007, and 2009, as well as a tax court matter. Plaintiff's motion [87] is denied.